**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISAEL FUENTES VARGAS, AKA Misael Fuentes,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　18-73277<br><br>Agency No.　A208-515-569<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.
Concurrence by Judge DESAI.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Misael Fuentes Vargas seeks review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because we lack jurisdiction, we dismiss his petition for review.[1]

The BIA found that Fuentes Vargas raised "a newly articulated social group not presented before or analyzed by the Immigration Judge" to the BIA, namely that of "members of his family" and "males bearing the last name of Fuentes." In making this determination, the BIA first stated that Fuentes Vargas "did not clearly indicate the exact delineation of his proposed particular social group" before the IJ.[2] Fuentes Vargas asserts (in his opening brief on appeal) that his testimony to the IJ "ma[d]e clear the basis for which the petitioner believed he was being persecuted . . . the petitioner's father and his first born son as the particular social

---

[1] Fuentes Vargas forfeited challenges to the agency's denial of his asylum and CAT claims by failing to raise them in his opening brief on appeal to this court. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

[2] This statement makes clear that the BIA understood that Fuentes Vargas had proposed a particular social group to the IJ. ***But see* Concur 2** (suggesting that the BIA may have "believed that Mr. Fuentes Vargas did not assert a social group before the IJ *at all*"). We agree with the BIA that Fuentes Vargas's testimony before the IJ is not entirely clear. The clearest statement describing his particular social group is: "I think the problem is just towards me and my mom. And because I am the oldest, or the eldest son—yes, that."

group."  Even if we agreed with his assertion that he clearly raised the social group (of his father and his first born son) to the IJ, the assertion does not conflict with the BIA's conclusion that Fuentes Vargas did not rely on this particular social group in his appeal to the BIA.

We defer to the BIA's requirement that a petitioner must provide a consistent and specific definition of the particular social group to properly raise it to the BIA.  Thus, in *Honcharov v. Barr*, we upheld the BIA's decision that the petitioner raised for the first time on appeal the social groups of "Ukrainian businesses targeted for and subject to extortion who thereafter refuse to cooperate," "Ukrainian businessmen subject to extortion by gangs the government is unwilling or unable to control," and "victim witnesses to criminal enterprises which the government is unwilling or unable to control," even though the petitioner had previously raised the similar social groups of "Ukrainian businessmen" and "witness victim to crime" to the IJ.  924 F.3d 1293, 1295 (9th Cir. 2019) (per curiam).  We held that "the Board does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained."  *Id.* at 1297.  Accordingly, we disagree with the concurrence that Fuentes Vargas exhausted his claimed particular social group of his "father and his first born son," despite not specifically raising it to the BIA, because the BIA was "on notice" that

3

he was seeking relief on the grounds of "his relationship with his father."[3] **Concur 2.**

On appeal to this court, Fuentes Vargas now argues that he suffered persecution because of his membership in the particular social group of his "father and his [father's] first born son." This is a different particular social group than the one raised to the BIA. Because Fuentes Vargas failed to exhaust this argument before the BIA, we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION DISMISSED.**

---

[3] The concurrence argues that Fuentes Vargas raised his membership in a particular social group composed of his father and his father's first-born son in his brief to the BIA. **Concur 2.** However, that brief expressly states that Fuentes Vargas is seeking relief on "on account of his membership in a particular social group consisting of those belonging to the Fuentes family."

*Fuentes Vargas v. Garland*, No. 18-73277

DESAI, Circuit Judge, concurring:

I write separately because I disagree that Mr. Fuentes Vargas failed to exhaust his claim for withholding of removal and that we lack jurisdiction to decide his petition. The record reflects that Mr. Fuentes Vargas presented the same social group to the IJ, BIA, and this Court. I would therefore hold that Petitioner exhausted his claim for withholding of removal and that we have jurisdiction to decide his petition, even though doing so would not change the outcome of this case because I would deny relief on the basis that the articulated social group is not cognizable under BIA and Ninth Circuit precedent.

A "petitioner is not limited to raising issues in exactly the same terms as they were presented [previously]." *See Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011). A side-by-side comparison of the language in the record makes clear that Mr. Fuentes Vargas raised the same particular social group to the IJ, BIA, and this Court:

1

| IJ | BIA | Court |
|---|---|---|
| • "[F]amilial relationship to his father." <br> • "I believe the man who killed my father . . . will also kill me because I am the son of the man he killed." <br> • "I believe I will be killed because I am related to the man Rigoberto Cortez kill[ed]. I am his son." | • "[T]hose belonging to the Fuentes family." <br> • "[M]embers of [his] family, particularly the family's eldest son." <br> • "[R]espondent's relationship to his father." | • "[His] father and his first born son." <br> • "[T]he petitioner's immediate family is being targeted." <br> • "Mr. Cortez was targeting the petitioner due to his kinship with his father." |

Despite this, the BIA stated that Mr. Fuentes Vargas presented a "new" social group to the Board and that his claim was therefore unexhausted. To the extent that the BIA believed that Mr. Fuentes Vargas did not assert a social group before the IJ *at all*, leading it to conclude that any particular social group presented to it was new and unexhausted, or that it found that Mr. Fuentes Vargas raised different social groups before the IJ and BIA, its determination was error. I would find that any slight deviation in the Petitioner's asserted group does not bar his claims.

Mr. Fuentes Vargas has always argued that he fears persecution based on his relationship with his father, so the BIA was on notice that he was seeking relief on those grounds. That is enough for exhaustion. *See Figueroa v. Mukasey*, 543 F.3d

487, 492 (9th Cir. 2008). I would therefore hold that we have jurisdiction to consider Mr. Fuentes Vargas's claim for withholding of removal.[1]

Though Mr. Fuentes Vargas exhausted his claims, he did not establish eligibility for withholding of removal because he did not present evidence proving that his proposed social group is cognizable. A particular social group is cognizable if it is (1) "composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020). Whether a group is socially distinct is considered from the view of society in general, not just from the perspective of the persecutor. *Id.* Here, Mr. Fuentes Vargas has not shown that his familial relationship to his father is perceived as a socially distinct group in Mexico. The only evidence Mr. Fuentes Vargas identifies to support this claim shows that his family and his persecutor know that he is a member of his family. That is not enough to prove social distinction. *Id.* at 980–81. While I believe Mr. Fuentes Vargas properly exhausted his claim for withholding of removal and that we have jurisdiction to decide his petition, I would deny his petition for review resulting in the same outcome set forth in the majority memorandum disposition.

---

[1] I agree that Mr. Fuentes Vargas forfeited his asylum and CAT claims by failing to raise them on appeal.

3